IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DEBBIE TAYLOR, as administrator**
**of the Estate of Gail Marie Legate, deceased,**

**Plaintiff,**

**v.**                                             **No. 17-1020-DRH**

**GRANITE NURSING AND**
**REHABILITATION CENTER, LLC,**

**Defendant.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is defendant's motion to dismiss Counts II and III of plaintiff's amended complaint (Doc. 36). Specifically, defendant argues that Counts II and III should be dismissed because the amended complaint does not contain an affidavit of merit as required under 735 ILCS 5/2-622 in Illinois healing art cases and that Count III should be dismiss to the extent that it is brought under the Illinois Nursing Home Care Act. Plaintiff opposes the motion arguing that an affidavit of merit is not required for Counts II and III. Based on the allegations in the amended complaint and the following, the Court denies the motion.

On February 12, 2018, plaintiff Debbie Taylor, as administrator of the Estate of Gail Marie Legate, deceased, filed an amended complaint against defendant Granite Nursing and Rehabilitation Center, LLC (Doc. 32). This case arises from Legate's death on February 17, 2016 at defendant's nursing home facility located in

Granite City, Illinois. According to the amended complaint, Legate, prior to her admission to defendant's nursing home on October 6, 2015, "was a patient at Christian Hospital NE, where her diagnosis included paraplegia stemming from a recent injury and treatment therefrom, diabetes, unspecified urinary incontinence, full incontinence of feces, depressive disorder, Chrohn's disease, lactose intolerant, and hypertension." (Doc. 32; p. 2, ¶ 8). The amended complaint contains three counts: Count I – Illinois Nursing Home Care Act, 210 ILCS 45/3-610; Count II – Illinois common law negligence and Count III – Illinois Wrongful Death Act, 740 ILCS, 180/1 et seq. Specifically, the amended complaint alleges that through defendant's "acts or omissions, Gail Marie Legate did experience personal injury to her body as a whole, including but not limited to sepsis, recurrent infections, decubitus ulcers, pressure ulcers, skin breakdown, malnutrition, dehydration, renal failure, … resulting in her death on February 17, 2016." (Doc. 32, ps. 6-7; ps. 9; and p. 10). Plaintiff incorporates by reference certain paragraphs contained in Count I into Counts II and III.

Rule 12(b)(6) governs motions to dismiss for failure to state a claim on which relief can be granted. The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint. *See Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012); *McReynolds v. Merrill Lynch & Co.,* 694 F.3d 873, 878 (7th Cir. 2012). A complaint must state a claim that is facially plausible. *Vinson v. Vermilion County, Il.*, 776 F.3d 924, 928 (7th Cir. 2015). To avoid Rule 12(b)(6) dismissal, it must contain "enough facts to state a claim for relief that is plausible on its

face." *Scott v. Chuhak & Tecson, P.C.,* 725 F.3d 772, 782 (7th Cir. 2013), *quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). *Accord Foster v. Principal Life Ins. Co.,* 806 F.3d 967, 971 (7th Cir. 2015). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *D.B. ex rel. Kurtis B. v. Kopp,* 725 F.3d 681, 684 (7th Cir. 2013), *quoting Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complaint must "go beyond mere labels and conclusions" and contain "enough to raise a right to relief above the speculative level." *G&S Holdings, LLC v. Continental Cas. Co.,* 697 F.3d 534, 537-38 (7th Cir. 2012).

In assessing a complaint under Rule 12(b)(6), the district court construes the complaint in the light most favorable to the plaintiff, "accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009), *cert. denied,* 558 U.S. 1148 (2010), *quoting Tamayo v. Blagoyevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Here, defendant seeks dismissal of Counts II and III of the amended complaint on the basis that plaintiff failed to file an affidavit of merit pursuant to the Illinois Healing Art Malpractice statute, 735 ILCS 5/2-622. That Illinois law requires a plaintiff alleging medical malpractice to file an affidavit stating that he has obtained a statement from a health care professional opining that there is a "reasonable and meritorious cause" to file the lawsuit. The purpose of this

requirement is to reduce the number of frivolous malpractice suits. *Ebbing v. Prentice,* 587 N.E.2d 1115, 1117 (Ill.App.Ct.1992). It is undisputed that the amended complaint did not contain the affidavit described in 735 ILCS 5/2–622(a). The Illinois Supreme Court has determined, however, that this requirement does not apply to private causes of action brought against a nursing homeowner under the Nursing Home Care Act. *Eads v. Heritage Enterps., Inc.,* 787 N.E.2d 771, 777–80 (Ill.2003). In response opposing this motion, plaintiff argues that defendant cites no authority suggesting that the affidavit is required against a nursing home for common law negligence or for wrongful death claims.

Counsel have not identified, and the undersigned has not located, any Illinois cases squarely addressing this issue. Clearly, "compliance with section 2–622 [is required] if the alleged conduct involved questions about the medical standard of care or issues that were otherwise so complicated that laypersons would not be able to assess it without expert testimony." *Fiala v. Bickford Senior Living Group, LLC*, 43 N.E.3d 1234, 1242 (Ill. App. 2015). But plaintiff's claims are not so much premised on allegations that defendant's course of treatment deviated from the appropriate standard of care (thereby requiring expert testimony), as the claims are based on the argument that defendant failed to comply with doctor's orders, failed to perform nursing services, and failed to follow the procedures set forth by Illinois Nursing Home Care Act statute. Viewing plaintiff's claims in this framework, the Court finds that the claims do not fall within the scope of the Illinois Healing Art Malpractice statute that require a Section 622 report/affidavit.

Further, the Court finds that the claims in Counts II and III are derivative of Count I. Thus, the Court denies defendant's motion to dismiss Counts II and III of the amended complaint.

Accordingly, the Court **DENIES** defendant's motion to dismiss Counts II and III of plaintiff's amended complaint (Doc. 36).

**IT IS SO ORDERED.**

Judge Herndon
2018.04.04
10:33:09 -05'00'

**United States District Judge**