IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEBBIE TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-1020-SMY-DGW |
| | ) | |
| GRANITE NURSING AND REHABILITATION CENTER, LLC., | ) ) ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion to Quash filed by Defendant on May 23, 2018 (Doc. 43) and the Motion for Protective Order filed by Defendant on August 22, 2018 (Doc. 49). A hearing was held on the first motion on June 4, 2018 (Doc. 46).

The parties' original dispute centered on the Federal Rule of Civil Procedure 30(b)(6) deposition notice that Plaintiff served on May 16, 2018 for a deposition to occur on May 31, 2018. After the hearing, in which the timing of the deposition was altered and some limitations on the deposition were ordered, Defendant produced 7 corporate designees in response to the Rule 30(b)(6) notice. As such, the Motion to Quash was granted insofar as certain limitations were imposed on the deposition as set forth at the hearing. Those concerns are no longer issues in this matter and the Motion to Quash (Doc. 43) is now formally **GRANTED IN PART** for the reasons set forth at the hearing.

The depositions occurred on August 21 and 22, 2018. According to Defendant, Plaintiff asked questions of the deponents in their individual capacity, attempting to elicit testimony based on their personal knowledge as oppose to corporate knowledge. Defendant also indicates that

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEBBIE TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-1020-SMY-DGW |
| | ) | |
| GRANITE NURSING AND REHABILITATION CENTER, LLC., | ) ) ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion to Quash filed by Defendant on May 23, 2018 (Doc. 43) and the Motion for Protective Order filed by Defendant on August 22, 2018 (Doc. 49). A hearing was held on the first motion on June 4, 2018 (Doc. 46).

The parties' original dispute centered on the Federal Rule of Civil Procedure 30(b)(6) deposition notice that Plaintiff served on May 16, 2018 for a deposition to occur on May 31, 2018. After the hearing, in which the timing of the deposition was altered and some limitations on the deposition were ordered, Defendant produced 7 corporate designees in response to the Rule 30(b)(6) notice. As such, the Motion to Quash was granted insofar as certain limitations were imposed on the deposition as set forth at the hearing. Those concerns are no longer issues in this matter and the Motion to Quash (Doc. 43) is now formally **GRANTED IN PART** for the reasons set forth at the hearing.

The depositions occurred on August 21 and 22, 2018. According to Defendant, Plaintiff asked questions of the deponents in their individual capacity, attempting to elicit testimony based on their personal knowledge as oppose to corporate knowledge. Defendant also indicates that

Plaintiff asked questions that were "beyond the scope" of the deposition notice. Defendant objected to some such questions and directed the deponent(s) not to answer. Defendant now seeks a protective order to prevent such questioning pursuant to Rule 30(d). The depositions remain open pending an Order from this Court. Defendant indicated that they would supplement their motion once the deposition transcripts are completed in order to provide specific examples. However, no such supplement has been filed. Moreover, Defendant fails to support its motion with citation to any legal authority.

Federal Rule of Civil Procedure 26 permits discovery of any relevant matter that is not privileged. Rule 30(b)(6), while providing a mechanism for deposing a corporation, does not specifically limit the scope of such a deposition. As Plaintiff has pointed out, the Rules do not outline the limitations Defendant requests in its motion. And, district courts have typically allowed questions that are consistent with the broad scope of discovery outlined in Rule 26 even if beyond the topics contained in a Notice. *See e.g., First Financial Bank, N.A. v. Bauknecht*, 2014 WL 949640 (C.D. Ill. 2014). Without a copy of the transcripts recording the objectionable questions or an indication of whether any such questions were irrelevant, it is impossible to determine whether such questions are inconsistent with the Rules. That, coupled with the broad scope of discovery permitted by Rule 26, means that Defendant has not demonstrated that it is entitled to a protective order. Its motion for protective order is accordingly **DENIED** (Doc. 49).

**DATED: January 10, 2019**

**DONALD G. WILKERSON**
**United States Magistrate Judge**